IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

HEANYI JOSEPH OKORAFOR                                    PETITIONER

V.                          CIVIL ACTION NO. 5:19-cv-120-DCB-MTP

SHAWN R. GILLIS                                           RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 11] made on March 5th, 2020. Therein, Magistrate Judge Parker recommends that the pro se petition for Writ of Habeas Corpus [ECF No. 1] made by Heanyi Joseph Okorafor be dismissed as duplicative. Magistrate Judge Parker further recommends that Respondent Shawn R. Gillis' Motion to Transfer or to Stay Cause [ECF No. 8] be denied. Petitioner filed his Objection [ECF No. 12] to Magistrate Judge Parker's Report and Recommendation on May 19th, 2020. Having reviewed the Report and Recommendation, the Petitioner's objections, and applicable statutory case law, the Court finds and orders as follows:

I. BACKGROUND HISTORY

Petitioner, a citizen of Nigeria, is currently held in Immigration & Custom Enforcement ("ICE") custody at Adams County Detention Center ("ACDC"). Petitioner was initially detained and went through removal proceedings in the Middle District of

1

Pennsylvania after being convicted of sexually abusing his nine-year-old daughter. When in Pennsylvania, Petitioner filed two habeas corpus petitions under 28 U.S.C. § 2241 challenging the immigration judge's decision to deny him bond pending the appeal of his removal order. See Docket, Okorafor v. Lowe, Case No. 3:18-cv-2221-RMD-MCC (M.D.Penn. 2018). The Petitioner brought this concurrent action challenging his continued detention. Additionally, the Petitioner objects to the Report and Recommendation issued during his habeas proceedings in the Middle District of Pennsylvania.

Magistrate Judge Parker found that when two civil actions involve the same parties and issues, "the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir. 1985) (internal quotations and citation omitted). This "first-filed rule" serves the principle of comity and preserves scarce judicial resources. Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997). The first-filed rule should be applied when there is "substantial overlap" between the two cases. Id.

Magistrate Judge Parker further found the Petition [ECF No. 1] filed in this matter seeks substantially the same relief as the petition filed in the Middle District of Pennsylvania. In both petitions, Okorafor requests that the courts review an immigration

2

judge's decision to deny him bond and to consider the legality of his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001). Since the Petition [ECF No. 1] seeks substantially the same relief, Magistrate Judge Parker Recommends [ECF No. 11] that Petitioner's habeas petitions under 28 U.S.C. § 2241 be dismissed as duplicative of other pending petitions. Vetcher v. Sessions, 2018 WL 4006812, at *2 (N.D. Tex. July 12, 2018); see also Zhao v. Holder, 2010 WL 517897 (S.D. Tex. Feb. 10, 2010) (court dismissed § 2241 petition challenging immigration dentition as duplicative of pending petition); Fertilien v. Mukasey, 2009 WL 1953176 (W.D. La. July 7, 2009).

## II. ANALYSIS

When a party objects to a Report and Recommendation this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991). "Such a review means that the court will examine the record and make an independent assessment of the law." Magee v. Comm'r of Soc. Sec., No. 1:12-CV-00188, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013), see also Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the

district court." Id. Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018) (citing Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993)).

In his objection, Petitioner claims that Magistrate Parker failed to address the conditions and length of his confinement, that Magistrate Judge Parker failed to address "Respondent's strategy to delay the Court's process," and that he has exhausted his administrative remedies. In essence, Petitioner asserts that Magistrate Parker failed to consider the substantive grounds of his habeas petition and subsequent responses. However, the Petitioner fails to cite any new case law or provide evidence as to why Magistrate Judge Parker had to consider the substance of his habeas petition given its duplicative nature to another ongoing proceeding.

The Court finds that the Petitioner's objection merely restates the allegations in his petition and subsequent responses and are therefore insufficient. Having conducted a de novo review of the portions of the Report and Recommendation objected to, the Court is satisfied that Magistrate Judge Parker has undertaken an extensive examination of the issues.

### III. CONCLUSION

Accordingly,

4

IT IS HEREBY ORDERED that the Report and Recommendation [ECF No. 11] is adopted. IT IS ALSO ORDERED that the Motion to Transfer or to Stay Cause [ECF No. 8] be DENIED and that the Petition for Writ of Habeas [ECF No. 1] be DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Petitioner's objection [ECF No. 12] to Magistrate Judge Parker's Report and Recommendation is OVERRULED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 19th day of June, 2020.

        /S/ David Bramlette
        UNITED STATES DISTRICT JUDGE